**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | CRIM NO. 1:18-cr-00606 |
| v. | : | **OPINION** |
| MATTHEW BURNEY, | : | |
| Defendant. | : | |

This matter comes before the Court on Defendant Matthew Burney's Motion, *pro se*, for Companionate Release under the First Step Act 18 U.S.C. § 3582 (c)(1)(A)(i) [Dkt. No. 29.] The Court has considered the parties' written submissions, and for the reasons stated below, will deny Defendant's Motion.

On October 9, 2018, Defendant Burney pled guilty to a one-count information for Bank Robbery under 18 USC § 2113(a), for the robbery of the PNC Bank in Marlton, New Jersey. In accordance with his plea agreement, Defendant Burney also conceded to two other bank robberies—the Bank of America robbery and Chase Bank robbery. On February 27, 2019, this Court sentenced Defendant Burney to eighty-seven (87) months in prison and three (3) years of Supervised Release; he is currently serving his sentence at FCI McKean and projected to be released on February 26, 2024. Accordingly, Defendant Burney has approximately thirty-seven (37) months remaining on his sentence. Prior to filing this motion, he applied to the Bureau of Prisons ("BOP") for compassionate release. On July 30, 2020, Warden Bradley M. Trate denied that request.

Defendant Burney requests compassionate release due to the ongoing Covid-19 pandemic, and for reasons related to his mother and son. Defendant Burney is forty-

1

five (45) years old. He alleges that he has "some aliments," including hypertension, hyperthyroidism, osteoarthritis, fibromyalgia, and herpes simplex, and that he fears for his health during this time. His mother, who suffers from dementia COPD and high-blood pressure, resides in a nursing home. Defendant's son is a 22-year old community college student, who has been between homes during this pandemic, as he does not have a stable residence with his grandmother in a nursing home. [Dkt. Nos. 29, 39.]

The Government opposes Defendant's motion. It argues that Defendant Burney has failed to show an "extraordinary and compelling reason" for release, and that the protection of public safety conclusively militates against release, in light of his danger to the community. [Dkt. No. 35.] The Government further details the BOP's response to the Covid-19 pandemic, and argues that BOP has made significant efforts to protect its inmates from this illness. In addition to its Pandemic Influenza Plan, in effect since 2012, BOP "began to modify its operations, in accordance with its Coronavirus (COVID-19) Action Plan ('Action Plan'), to minimize the risk of COVID-19 transmission into and inside its facilities, as of March 13, 2020." [Id. at p. 7.] BOP continues to revise the Action Plan to address the on-going crisis.[1]

## I. Legal Framework

Generally, a district court may not modify a term of imprisonment once it has been imposed, unless the case falls under one of the limited exceptions under the First Step Act. Pursuant to the Act, a court may modify an imposed term of imprisonment—

**(1)** in any case—

---

[1] Details and updates of BOP's operations are available on the BOP website: www.bop.gov/coronavirus/

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

  (i) extraordinary and compelling reasons warrant such a reduction; or

  (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

18 U.S.C. § 3582(c).

The Sentencing commission issued a policy statement concerning reduction in term of imprisonment under the Act, which provides in pertinent part, that after considering applicable factors set forth in 18 U.S.C. § 3553(a), the "the court may reduce a term of imprisonment if the court determines that—Extraordinary and compelling reasons warrant the reduction . . . the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and the reduction is consistent with this policy statement." U.S.S.G. 1B1.13. As set forth in the policy statement, medical condition of the defendant may qualify as an extraordinary and compelling reason, if the defendant is suffering from a terminal illness or

the defendant is,

- **(I)** suffering from a serious physical or medical condition,
- **(II)** suffering from a serious functional or cognitive impairment, or
- **(III)** experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

Id. Additional circumstances that may qualify include, the age of the defendant, family circumstances, and other reasons. Id.

## II. Analysis

There is no dispute that Defendant Burney is eligible for this Court's consideration of his compassionate release motion. Thus, the question before the Court is whether extraordinary and compelling reasons warrant release. The Court finds that Defendant Burney has failed to demonstrate extraordinary and compelling reasons.

While this Court recognizes the seriousness of the Covid-19 illness, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) (citation omitted). Notably, FCI McKean has not yet experienced a Covid-19 outbreak; in fact, FCI McKean has low infection rates. See *COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited January 4, 2021). Defendant argues, however, that there is "no guarantee that the BOP or FCI McKean can protect[his] health" and that his "weakened" health conditions put him at greater risk for severe

4

illness if he contracts Covid-19.  [Dkt. No. 39.]  Generally, Court's consider whether an inmate's medical condition presents an increased risk for severe illness from Covid-19, in determining whether the defendant has presented an extraordinary and compelling reason for a reduction of sentence.  See United States v. Hynes, No. 3:18-CR-00222, 2020 WL 6060984, at *3 (D.N.J. Oct. 14, 2020).  In making this determination, courts look to those conditions the CDC has identified as high-risk factors.  Here, Defendant Burney has not claimed to suffer from any condition on the CDC's list of high-risk conditions.  See *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited January 4, 2021).

Defendant Burney does suffer from hypertension, which the CDC has identified as a condition that "might" cause an "increased risk  for severe illness from the virus that causes Covid-19."  (Id.).  But as the Government submits, many district courts have denied release to inmates who suffer from hypertension, including those within this district.  [See Dkt. No. 35, p. 17-18 (collecting cases)];  see also United States v. Wilson, No. CR 13-787-4 (SDW), 2020 WL 7074377, at *2 (D.N.J. Dec. 3, 2020) ("[M]ultiple courts in this District have denied compassionate release to inmates suffering from hypertension, despite the risk of COVID-19.").  Additionally, Defendant acknowledges that he receives treatment and medication at FCI McKean for his hypertension.  To be sure, according to Defendant, each of his complaints and conditions are monitored.

Defendant Burney's family circumstances similarly fail to establish extraordinary and compelling reason for release.  Generally, family circumstances qualify as extraordinary and compelling reasons in the event of: "The death or incapacitation of the caregiver of the defendant's minor child or minor children. The incapacitation of the

5

defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G § 1B1.13 n.1(C).  Here, Defendant Burney's mother, while ill, is cared for at a rehabilitation and nursing center, and his son is not a minor.  Although the Court is sympathetic to the defendant's mother's health condition and his son's difficulties during this pandemic, their situation does not warrant granting Defendant's motion.

Even if Defendant's medical and family circumstances presented extraordinary and compelling circumstances for compassionate release, "a court may deny the requested relief if the 18 U.S.C. § 3553(a) factors do not weigh in favor of the defendant's release. United States v. Adams, No. 3:00-CR-00697, 2020 WL 6063055, at *5 (D.N.J. Oct. 14, 2020) (citing United States v. Pawlowski, 967 F.3d 327 (3d Cir. 2020)).  In this case, the § 3553(a)'s factors weigh against granting Defendant Burney's request.  First, the nature of Defendant Burney's offense—bank robbery—is certainly serious.  During the robbery of the PNC Bank in Marlton, New Jersey, Defendant threatened to shoot what appeared to be a gun.  Even if there was no real weapon involved, Defendant Burney made threats with this "gun" in the commission of his crimes, and recognized the fear this instilled in his victims.  Defendant Burney further admitted to two other separate bank robberies, which his guideline rage took account of at sentencing.

Accordingly, Defendant Burney presents a danger to the community, and the Court finds that releasing him at this time would not reflect the seriousness of his offense, nor promote respect for the law.  To be sure, Courts in this circuit have consistently considered the seriousness of multiple bank robberies in denying compassionate release in order to protect the public from further crimes of the defendant.  See, e.g., United States v. Hicks, No. CR 13-547, 2020 WL 5749943, at *7

6

(E.D. Pa. Sept. 25, 2020) ("Although Defendant's crimes appear to be non-violent only in the sense that no weapons were used, he has seven prior convictions for bank robbery and committed the bank robbery for which he is incarcerated only one month after his release from prison for committing the other six bank robberies. . . . Defendant has consistently violated his release terms and even committed other crimes. Given this background, there is no assurance that Defendant would be deterred from committing additional crimes if released. In short, he is a danger to the community."); United States v. Berry, No. CR 10-051-1, 2020 WL 4035457, at *3 (D.N.J. July 17, 2020); United States v. Cantatore, No. CR 16-0189, 2020 WL 2611536, at *5 (D.N.J. May 21, 2020).

Defendant Burney has also committed six previous bank robberies between September 25, 2006 and May 21, 2007. PSR ¶ 69. Defendant was sentenced to 100 months in prison and 3 years supervised release for those offenses. His supervised release ended on September 2, 2017. Defendant Burney was arrested for the Marlton Bank robbery only months later, in December 2017, which lead to his current sentence. At his sentencing in 2019, Defendant Burney's offense level was 26, and his criminal history category was III. The Court carefully considered the sentencing guidelines and the relevant factors in sentencing Defendant towards the middle of the applicable range—78 to 97 months. At that time, the Court noted the risk of Defendant's recidivism. Despite Defendant Burney's lack of disciplinary reports thus far, and his pledge to live a crime-free life, the concern for recidivism endures. An early release, or reduction in sentence, would not afford specific or general deterrence for his criminal conduct.

### III.   Conclusion

For the foregoing reasons, Defendant's Motion for Compassionate Release, pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A), will be denied. An accompanying order shall issue.

Dated: January 6, 2021

/s/ Joseph H. Rodriguez

JOSEPH H. RODRIGUEZ, USDJ
